UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:                                        )
                                              )
    HAMID REZA MAHJOR                     )    Case No. 08-13958-SSM
                                              )    Chapter 13
               Debtor         )

**MEMORANDUM OPINION**

Before the court is the certification of exigent circumstances filed by the debtor in support of his request for deferment of the credit counseling that is required before an individual debtor may file a bankruptcy petition. Because the debtor's certification does not satisfy the statutory requirement for waiver of the credit counseling requirement, the request must be denied.

Background

Hamid Reza Mahjor filed a voluntary petition in this court on July 7, 2008, for adjustment of his debts under chapter 13 of the Bankruptcy Code. The schedules filed with the petition report $693,750 in secured mortgage debt, $21,893 in other secured debt (an automobile loan), $7,627 in priority tax debt, and $2,283 in unsecured debt. The required certification of credit counseling (Exhibit D to the petition) was not signed, but the debtor did file a certification of exigent circumstances stating as follows:

> I certify that I was victim of fraud. A mortgage fraud. This case is currently under investigation by the FBI. I was not thinking on filing for bankruptcy but the mortgage company has schedule [*sic*] a foreclosure for July 9, 2008. I tried to negotiate with the mortgage company to stop the foreclosure but I received an e-mail from them which says the foreclosure scheduled for July 9, 2008 will proceed. This is my primary residency.

> I have been relying on my savings for support until today. I have just ventured in the automotive business because my search for a job have been unsuccesful [*sic*].
>
> I am not able to hire an attorney. I am representing myself. **The credit counseling requirement was unknown to me** but I have contacted Clear Point Financial Solutions, Inc to obtain the credit counseling briefing within the 30 days deadline.

(emphasis in original).

<u>Discussion</u>

Among the far-reaching changes made by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 is a requirement that individual debtors, within 180 days prior to filing a bankruptcy petition, receive from an approved nonprofit budget and credit counseling agency an individual or group briefing that outlines the opportunities for available credit counseling and that assists the individual in performing a related budget analysis. §109(h)(1), Bankruptcy Code.  The requirement may be deferred with respect to a debtor who submits to the court a certification that (1) "describes exigent circumstances that merit a waiver" of the credit counseling requirement; (2) "*states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services . . . during the 5-day period beginning on the date on which the debtor made that request*;" and (3) "is satisfactory to the court."  §109(h)(3)(A)(i)-(iii) (emphasis added).  The deferment, if granted, is effective for 30 days.  §109(h)(3)(B).  In addition to deferring credit counseling for up to 30 days, the court has the power to exempt a debtor altogether from the counseling requirement, but only if the debtor is unable to complete the requirement because of mental incapacity, physical disability, or active military service in a military combat zone.  § 109(h)(3)(B).

An impending foreclosure would generally qualify as an exigent circumstance.  *In re Childs*, 335 B.R. 623, 630 (Bankr. D. Md. 2005).  The problem with the debtor's certification,

however, is that it does not show that he requested credit counseling from an approved agency but was unable to obtain it within five days of the request. The mere fact that a foreclosure was scheduled to take place in the interim is not sufficient—a debtor who waits until the last minute to seek counseling will not be exempt unless the agency is so backed up that it cannot provide the counseling within five days of the request. The court realizes that there may be circumstances in which a debtor has been strung along by a creditor and is thereby lulled into thinking that a bankruptcy filing will not be necessary. The court also recognizes that in many instances (including most likely this one) credit counseling would probably not have identified an alternative to a chapter 13 filing as a means for protecting the debtor's home. Nevertheless, in the absence of a request for counseling services and the inability to receive it within five days of the request, the court cannot grant a deferment no matter how compelling the circumstances and has no choice but to dismiss the case. *In re Watson*, 332 B.R. 740 (Bankr. E.D. Va. 2005).

A separate order will be entered denying the deferment request and dismissing this case. Although dismissal of the case is without formal prejudice to refiling after the debtor receives the required counseling,[1] the debtor should be aware that if a new case is filed within one year of the dismissal of this case, the automatic stay will expire on the 30th day after the new case is filed unless, within that period, the debtor requests, and the court grants, an extension of the

---

[1] There remains, to be sure, an issue as to whether the debtor qualifies as a person "with regular income" for purpose of chapter 13 eligibility. See § 109(e), Bankruptcy Code. Although the debtor's schedules of monthly income and expenses report gross monthly income of $9,000 per month, this amount appears to be a projection of what the debtor hopes or expects to earn from a new business venture upon which he has just embarked rather than a reflection of what he has actually been earning. Any issue of the debtor's eligibility under § 109(e), however, is appropriately addressed only after the debtor has satisfied the credit counseling requirement.

automatic stay beyond the 30 days based on a finding that the new case has been filed in good faith.

Date: _____        _____
                                    Stephen S. Mitchell
Alexandria, Virginia                United States Bankruptcy Judge

Copies to:

Hamid Reza Mahjor
21 Pickett Lane
Stafford, VA 22556
Debtor *pro se*

Gerald M. O'Donnell, Esquire
211 North Union St., Suite 240
Alexandria, VA  22314
Chapter 13 trustee